UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE POUNCEY,

    Petitioner,

-vs-                                                          Case No. 8:08-CV-1710-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging 2002 convictions for burglary of an occupied structure, battery, and criminal mischief entered by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1). After carefully examining the allegations of the petition, the Court concluded *sua sponte* that the petition may be time-barred under the provisions of 28 U.S.C. § 2244(d). *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*). Accordingly, the Court ordered Petitioner to show cause why this action should not be dismissed as time-barred (See Dkt. 6). Petitioner filed a response to the order to show cause in which he asserted he filed a memorandum of law in March 2008, and he requested the Court to treat his memorandum of law as his petition for writ of habeas corpus, and accept the date on the memorandum of law as the date on which the federal habeas

petition was filed (Dkt. 7).

## Analysis

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). Prior to AEDPA's enactment, state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *See, e.g., Lonchar v. Thomas*, 517 U.S. 314, 315 (1996).

The AEDPA dramatically shortened the time for filing a federal habeas petition to one year. Section 101 of AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 101 does not start a prisoner's one-year limitation period running until "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." According to Petitioner's sworn statements, his judgment of conviction was entered on February 28, 2002, he appealed, and his direct appeal terminated unsuccessfully on March 19, 2003. Thus, in light of the Eleventh Circuit's holding in *Bond v. Moore*, Petitioner's one-year limitation period began to run on June 17, 2003. 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate."). Therefore, Petitioner had until June 16, 2004, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed state post conviction proceeding.

According to the Petitioner's sworn allegations, he filed a Rule 3.850 post-conviction motion on April 25, 2003, which was denied on April 12, 2005. He then appealed the denial of his 3.850 motion, and the appellate court affirmed, and issued its mandate on March 13, 2007. Therefore, the federal one-year limitation period was tolled until March 13, 2007, and Petitioner had until March 13, 2008 to file his federal habeas petition.

Petitioner did not file his federal habeas petition until August 14, 2008 (Dkt. 1 at p. 1). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner can demonstrate that the one-year limitation period should be equitably tolled. Section 2244 "permits equitable tolling 'when a movant untimely files

3

because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Petitioner does not assert that he is entitled to equitable tolling. Instead, Petitioner claims he filed a memorandum of law in March 2008, and he argues that the Court should treat the memorandum of law as his federal habeas petition, and accept the memorandum of law as filed on the date shown on the memorandum of law.

In his petition, Petitioner asserted that "[i]n March 2008 the Petitioner filed per Florida mail box rule a memorandum of law to support this habeas corpus. The Petitioner not being a layman of the law did not know that he had to first file this petition before filing the said memorandum of law and hereby requests of this honorable court to adopted [sic] the date of the memorandum of law as the date this said petition was so filed." (Dkt. 1 at 10). Petitioner did not, however, allege in which court he filed the memorandum of law, the day he handed over his memorandum of law to prison officials for mailing, and what became of his memorandum of law, i.e., was it returned to him by the court, and if so when, nor did he provide the Court with a copy of the alleged memorandum of law.

In his response to the Court's order to show cause, Petitioner again asserted that he filed a memorandum of law in March 2008, and requested the Court to accept the memorandum of law as his petition for writ of habeas corpus, and treat it as filed on the date shown on the memorandum of law (Dkt. 7). Attached to the Petitioner's response was a document titled

4

"MEMORANDUM OF LAW." (Id. at pgs. 5-12).

Essentially, Petitioner argues that the Court should treat his memorandum of law as his originally filed habeas petition, and that he is entitled to the benefit of the mailbox rule. In *Houston v. Lack,* 487 U.S. 266 (1988), the Supreme Court held that where a prisoner has "done all that could reasonably be expected to get the [document] to its destination" within the required time it should be considered "filed" when handed to a prison official for mailing. *Houston,* 487 U.S. at 270 (citation omitted). In this circuit, the mailbox rule applies even when the motion "is never received or filed by the court." *Gracey v. United States,* 131 Fed. Appx. 180 (11th Cir. 2005) (quoting *Huizar v. Carey,* 273 F.3d 1220, 1222 (9th Cir. 2001)). "Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001)(citing *Garvey v. Vaughn,* 993 F.2d 776, 781 (11th Cir. 1993)). Absent evidence to the contrary, district courts must assume that a prisoner's motion was delivered to prison authorities the day he signed it. *Id.*

Therein lies the problem. Petitioner does not allege, and the memorandum of law does not indicate the day on which Petitioner signed the memorandum of law. Nor does Petitioner allege, or the memorandum of law indicate the date on which Petitioner handed the memorandum of law over to prison officials for mailing. However, the statement "Filed on March 2nd 2008" is handwritten, presumably by Petitioner, on page one of the memorandum of law (Dkt. 7 at pg. 5).

Prior to determining whether Petitioner's memorandum of law can be liberally construed as his original federal habeas petition, this Court must first determine whether or not Petitioner actually delivered his memorandum of law to prison authorities, and if so, on what date. *Cf.*

5

*Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006). In making this determination, the Court "may take into account any and all relevant circumstances...in deciding whether the [document] was delivered to the prison authorities." *Id.* at 1198.

The Court finds as a matter of fact that Petitioner did not deliver his memorandum of law to prison officials for mailing on March 2, 2008. First, this Court has no record of ever receiving the memorandum of law (until Petitioner attached it to his response to the order to show cause). Petitioner does not even allege that the memorandum of law was mailed to this Court, or any court for that matter.[1] He merely makes the vague and conclusory claim that the memorandum of law was "filed March 2nd 2008."

Second, the memorandum of law indicates Petitioner was housed at Glades Correctional Institution ("GCI") when he prepared the memorandum of law (Dkt. 7 at pg. 12). Petitioner's petition for writ of habeas corpus, Affidavit of Indigency, and response to the order to show cause all indicate that Petitioner was incarcerated at GCI when he prepared those documents. Each one of those documents includes a stamp from GCI indicating the date on which Petitioner handed the document over to prison officials for mailing (Dkts. 1, 5, 7). Petitioner's memorandum of law, however, does not include a stamp from GCI indicating the date on which Petitioner handed it over to prison officials for mailing. This would tend to prove that Petitioner never delivered his memorandum of law to prison officials at GCI for mailing.

Third, in his petition Petitioner asserted "[i]n March 2008 the Petitioner filed per Florida mail box rule a memorandum of law *to support this habeas corpus*." (Dkt. 1 at pg. 10)(emphasis

---

[1] In its heading, the memorandum of law identifies the "United States District Court of Florida" as the court, and Petitioner's state criminal case number "CF-05085A-XX." (Dkt. 7 at pg. 5).

added). Petitioner's claim is not credible in that he asserts he prepared a memorandum of law on or before March 2, 2008, to support a petition for writ of habeas corpus which he apparently did not execute until August 2008.

In summary, Petitioner presents no credible evidence that he actually delivered his memorandum of law to prison authorities for mailing on March 2, 2008. There is ample evidence to the contrary. The Court concludes that the record demonstrates that Petitioner did not deliver his memorandum of law to prison authorities for mailing on March 2, 2008. Accordingly, Petitioner is not entitled to the benefit of the mail-box rule.

Because Petitioner's one-year limitations period expired on March 13, 2008, the petition for federal habeas relief, filed August 14, 2008, is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision.

**Evidentiary Hearing**

"Section 2244 of Title 28 of the United States Code does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002). The Court concludes that Petitioner has offered no reason to believe that an evidentiary hearing would help him prove that he delivered his memorandum of law to prison officials for mailing on March 2, 2008, or would help him demonstrate the required extraordinary circumstances to warrant equitable tolling. In light of the vague and conclusory nature of Petitioner's allegations and in the absence of supporting evidence, Petitioner is not entitled to an evidentiary hearing. *See Drew*, 297 F.3d at 1293 n.7 (Petitioner's allegations that he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an

evidentiary hearing in the absence of any specific factual proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim.") (citations omitted).

**ACCORDINGLY**, the Court **ORDERS** that:

1. This action is **DISMISSED** as time-barred.

2. The Clerk of the Court shall enter judgment against Petitioner, terminate any and all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on ___August 3rd___, 2009.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*